✎JS 44  (Rev. 3/99)

# CIVIL COVER SHEET

**APPENDIX B**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

QVC, INC.

## DEFENDANTS

Q VISION NETWORK, INC.

(b) County of Residence of First Listed Plaintiff __Chester, PA__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed __Maricopa, AZ__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
See attachment

Attorneys (If Known)

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☒☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | DEF | | | DEF |
|---|---|---|---|---|
| Citizen of This State ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Propeny 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒☒ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending ☐ 380 Other Personal | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIW C/DIW W (405 (g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 740 Railway Labor Act | **FEDERAL TAXSUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | | |

## V. ORIGIN  (PLACE AN "X" IN ONE BOX ONLY)

☒☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION  (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 U.S.C. §§ 1051 et seq., trademark infringement, dilution and unfair competition

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ See Prayer for Relief
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE
May 14, 2002

SIGNATURE OF ATTORNEY OF RECORD
_Manny Pollonow_ (signature)

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Civil Cover Sheet – Attachment

I (c)  :     Manny D. Pokotilow  (ID# 13310)
             Salvatore Guerriero (ID# 83680)
             **CAESAR, RIVISE, BERNSTEIN,**
             **COHEN & POKOTILOW, LTD.**
             Seven Penn Center - 12th Floor
             1635 Market Street
             Philadelphia, PA  19103-2212
             (215) 567-2010

             Attorneys for Plaintiff, QVC, Inc.

## UNITED STATES DISTRICT COURT

**APPENDIX A**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __Studio Park, West Chester, PA  19380__

Address of Defendant: __7944 East Beck Lane, Scottsdale, AZ  85260__

Place of Accident, Incident or Transaction: __Easter District of Pennsylvania and elsewhere__

*(Use Reverse Side For Additional Space)*

Does this case involve multidistrict litigation possibilities?                     Yes ☐    No ☒
*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐    No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐    No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐    No ☐

CIVIL: (Place ☐ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases   Lanham Act 15 U.S.C. §§ 1051 et seq.
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

### ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, __Manny D. Pokotilow__ , counsel of record do hereby certify:

☒☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒☒ Relief other than monetary damages is sought.

DATE: __May 14, 2002__                     _Attorney-at-Law_                     __13310__
                                                                                  Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __May 14, 2002__                     _Attorney-at-Law_                     __13310__
                                                                                  Attorney I.D.#

CIV. 609 (9/99)

**IN THE UNITED STATES DISTRICT COURT**     APPENDIX C
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

### CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
|---|---|---|
| | : | CIVIL ACTION |
| QVC, INC. | : | |
| v. | : | |
| Q VISION NETWORK, INC. | : | |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through §2255.                                                              ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.                                       ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.                                                             ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)                                (xx)

(f) Standard Management -- Cases that do not fall into any one of the other tracks.                                                     ( )

May 14, 2002
_____
**Date**

*Manny Pokotilow* (signature)
**Attorney-at-law**

Manny D. Pokotilow
_____
**Attorney for Plaintiff, QVC, INC.**

(Civ. 660) 7/95

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| QVC, INC. and | : |
| Plaintiff, | : |
| vs. | : Civil Action No. |
| Q VISION NETWORK, INC., | : |
| Defendant. | : |

### COMPLAINT

1.  This is a civil action for trademark infringement, dilution, false designation of origin, and unfair competition arising under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051 *et seq.* and the statutory and common laws of the Commonwealth of Pennsylvania.

### PARTIES

2.  Plaintiff, QVC, Inc., is a Delaware corporation having a principal place of business located at Studio Park, West Chester, PA 19380.

3.  On information and belief, Defendant, Q VISION NETWORK, INC., is a corporation organized and existing under the laws of the State of Arizona, having a principal place of business at 7944 East Beck Lane, Scottsdale, AZ 85260, and is doing business and the complained of acts in this judicial district.

### JURISDICTION

4.  This Court has jurisdiction over this Action under 28

U.S.C. § 1332, because Plaintiff is incorporated under the laws of the State of Delaware and has its principal place of business in the Commonwealth of Pennsylvania; on information and belief, Defendant is incorporated under the laws of and has its principal place of business in the State of Arizona; and the matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars.

5.    This Court has jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a), because this case arises under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051 *et seq.*

6.    This Court has jurisdiction over the common law claims herein under 28 U.S.C. § 1338(b), because those claims are joined with a substantial and related claim under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051 *et seq.*

## BACKGROUND

7.    Plaintiff has been, since 1986, and now is extensively engaged in the business of providing in interstate commerce electronic retail services, and has provided such services under the names and marks QVC, QVC NETWORK and Q.

8.    Plaintiff is the prior user and exclusive licensee of the name and mark QVC.  The United States Patent and Trademark Office ("USPTO"), on or about September 1, 1987, granted federal trademark registration to Plaintiff for the mark QVC for providing at home

-2-

shopping services in the field of general merchandise by means of cable television as Certificate of Registration No. 1,455,889. Attached hereto and incorporated herein as Exhibit A is a copy of Certificate of Registration No. 1,455,889.

9.   On or about February 26, 1993, the USPTO accepted the Section 8 and 15 Combined Declaration of Use and for Incontestability re Certificate of Registration No. 1,455,889.

10.   Accordingly, upon acceptance of the Section 8 and 15 Combined Declaration of Use and for Incontestability re Certificate of Registration No. 1,455,889 by the USPTO, the validity of the registered mark and of the registration of the mark, ownership of the mark, and the exclusive right to use said registered mark in commerce for the above-mentioned services are incontestable under 15 U.S.C. § 1065 and 15 U.S.C. § 1115(b).

11.   On or about November 8, 1988, the USPTO granted federal trademark registration to Plaintiff for the mark QVC NETWORK (plus design) for providing at home shopping services in the field of general merchandise by means of television as Certificate of Registration No. 1,512,144.   Attached hereto and incorporated herein as Exhibit B is a copy of Certificate of Registration No. 1,512,144.

12.   On or about November 2, 1994, the USPTO accepted the Section 8 and 15 Combined Declaration of Use and for Incontestability re Certificate of Registration No. 1,512,144.

-3-

13. Accordingly, upon acceptance of the Section 8 and 15 Combined Declaration of Use and for Incontestability re Certificate of Registration No. 1,512,144 by the USPTO, the validity of the registered mark and of the registration of the mark, ownership of the mark, and the exclusive right to use said registered mark in commerce for the above-mentioned services are incontestable under 15 U.S.C. § 1065 and 15 U.S.C. § 1115(b).

14. On or about October 31, 1995, the USPTO granted federal trademark registration to Plaintiff for the mark QVC (in stylized form) for providing at home shopping services by means of television as Certificate of Registration No. 1,930,782. Attached hereto and incorporated herein as Exhibit C is a copy of Certificate of Registration No. 1,930,782.

15. On or about March 30, 2001, the USPTO accepted the Section 8 and 15 Combined Declaration of Use and for Incontestability re Certificate of Registration No. 1,930,782.

16. Accordingly, upon acceptance of the Section 8 and 15 Combined Declaration of Use and for Incontestability re Certificate of Registration No. 1,930,782 by the USPTO, the validity of the registered mark and of the registration of the mark, ownership of the mark, and the exclusive right to use said registered mark in commerce for the above-mentioned services are incontestable under 15 U.S.C. § 1065 and 15 U.S.C. § 1115(b).

17. On or about January 2, 1996, the USPTO granted federal

-4-

trademark registration to Plaintiff for the mark QVC for catalog and mail order services in the field of general merchandise as Certificate of Registration No. 1,945,357.  Attached hereto and incorporated herein as Exhibit D is a copy of Certificate of Registration No. 1,945,357.

18.  On or about September 7, 2001, the USPTO accepted the Section 8 and 15 Combined Declaration of Use and for Incontestability re Certificate of Registration No. 1,945,357.

19.  Accordingly, upon acceptance of the Section 8 and 15 Combined Declaration of Use and for Incontestability re Certificate of Registration No. 1,945,357 by the USPTO, the validity of the registered mark and of the registration of the mark, ownership of the mark, and the exclusive right to use said registered mark in commerce for the above-mentioned services are incontestable under 15 U.S.C. § 1065 and 15 U.S.C. § 1115(b).

20.  The USPTO has also granted federal trademark registration to Plaintiff for the mark QVC for retail store services in the field of general merchandise as Certificate of Registration No 2,015,779; and for interactive retail services provided via computer and television featuring general merchandise as Certificate of Registration No 2,098,066.  Attached hereto and incorporated herein as Exhibit E is a copy of Certificate of Registration No. 2,015,779, and, as Exhibit F, a copy of Certificate of Registration No. 2,098,066.

-5-

21. Plaintiff is also the prior user and owner of the name and mark Q. On or about August 22, 1995, the USPTO granted federal trademark registration to Plaintiff for the mark Q for providing at home shopping services in the field of general merchandise by means of television as Certificate of Registration No. 1,914,291. Attached hereto and incorporated herein as Exhibit G is a copy of Certificate of Registration No. 1,914,291.

22. On or about September 25, 2001, the USPTO accepted the Section 8 and 15 Combined Declaration of Use and for Incontestability re Certificate of Registration No. 1,914,291.

23. Accordingly, upon acceptance of the Section 8 and 15 Combined Declaration of Use and for Incontestability re Certificate of Registration No. 1,914,291 by the USPTO, the validity of the registered mark and of the registration of the mark, ownership of the mark, and the exclusive right to use said registered mark in commerce for the above-mentioned services are incontestable under 15 U.S.C. § 1065 and 15 U.S.C. § 1115(b).

24. The above Certificates of Registration and the marks covered thereby are valid and in full force and effect.

25. Plaintiff has all right, title and interest in and to Certificate of Registration 1,914,291, and the mark covered thereby, to bring this suit.

26. Certificates of Registration Nos. 1,455,889, 1,512,144, 1,930,782, 1,945,357, 2,015,779 and 2,098,066 and the marks covered

-6-

thereby (hereinafter collectively referred to as the "QVC marks") are subsisting in the name of ER Marks, Inc., a subsidiary of Plaintiff. Plaintiff is the exclusive licensee of ER Marks, Inc., and as exclusive licensee, Plaintiff is entitled to full and exclusive use of the QVC marks. Plaintiff has complete authorization to enforce these marks, including the right to seek injunctive relief and collect damages for infringement thereof.

27. Continuously, since long prior to the acts of Defendant alleged herein, Plaintiff has established a substantial market for its goods and services sold and marketed through its QVC television network, its online interactive shopping site, QVC.COM, mail order catalogs and outlet stores. Plaintiff's QVC and Q marks are always shown in association with the goods and services provided by it, which have been widely advertised and extensively offered under these marks. These goods and services have achieved fame and renown throughout the United States in view of the Plaintiff's extensive exposure through its broadcasting, advertising, promotion and sale of the goods and services in association with the QVC and Q marks.

28. As a result of Plaintiff's exclusive, continuous and substantial use, and its continuous, extensive sales and advertising, the QVC and Q marks have come to represent an invaluable symbol of the goodwill of Plaintiff's business and possess a very high degree of distinctiveness. The QVC and Q marks

-7-

are famous and recognized by consumers throughout the United States as identifying goods and services which have their source, origin or sponsorship with Plaintiff, and as distinguishing such goods and services from the goods and services of others.

29.   Notwithstanding Plaintiff's well known, prior common law and statutory rights in the QVC and Q marks, Defendant, with at least constructive notice of Plaintiff's federal registration rights under 15 U.S.C. § 1072, and long after Plaintiff established its rights in the QVC and Q marks, has adopted and used the marks Q VISION NETWORK, Q SHOP and Q SHOP TV, in this judicial district and in interstate commerce, for retail shopping services featuring general merchandise and as domain name components to identify Defendant's retail services on the Internet.

30.   Defendant's use of the Q VISION NETWORK, Q SHOP and Q SHOP TV names and marks is an infringement of Plaintiff's QVC and Q marks.

31.   Defendant's use of the Q VISION NETWORK, Q SHOP and Q SHOP TV names and marks is likely to cause confusion, to cause mistake and to deceive as to the affiliation, connection or association of Defendant with Plaintiff and as to the origin, sponsorship, or approval of Defendant's goods and services by Plaintiff

32.   Defendant's use of the Q VISION NETWORK, Q SHOP and Q SHOP TV names and marks blurs the unique association which has

heretofore existed between the QVC and Q marks and Plaintiff's goods and services, thereby lessening the capacity of the QVC and Q marks to identify and distinguish the goods and services of Plaintiff

33. On information and belief, Defendant has long known of Plaintiff's goods and services and the fact that the public associates the QVC and Q marks with the goods and services of Plaintiff, and Defendant has sought to capitalize on the goodwill engendered by the QVC and Q marks by adopting and using the marks Q VISION NETWORK, Q SHOP and Q SHOP TV.

34. Upon information and belief, Defendant has performed the complained of acts willfully, and with the knowledge of the infringement, dilution and unfair competition they would cause, and to appropriate and unfairly trade upon the Plaintiff's goodwill in the QVC and Q marks.

35. By reason of Defendant's acts alleged herein, Plaintiff has and will suffer damage to its business, reputation and goodwill, and Defendant has and will enjoy profits to which it is otherwise not entitled, for which Plaintiff is entitled to relief at law.

36. By reason of Defendant's acts alleged herein, Defendant threatens to continue to do the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable damage. It would be difficult to ascertain

-9-

the amount of compensation which could afford Plaintiff adequate relief for such continuing acts, and a multiplicity of judicial proceedings would be required.  Plaintiff's remedy at law is not adequate to compensate Plaintiff for injuries threatened.

## COUNT I
### FEDERAL TRADEMARK INFRINGEMENT

37.  Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 36, as if fully set forth herein.

38.  Defendant's use of the Q VISION NETWORK, Q SHOP and Q SHOP TV names and marks is likely to cause confusion, deception or mistake, all to the damage of Plaintiff, and is an infringement of Plaintiff's federally registered marks, set forth *supra*, in violation of 15 U.S.C. §1114(1), §32(1) of the Trademark Act of 1946, as amended.

## COUNT II
### FEDERAL TRADEMARK DILUTION

39.  Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 38, as if fully set forth herein.

40.  Defendant's use of the Q VISION NETWORK, Q SHOP and Q SHOP TV names and marks in interstate commerce is in violation of the Federal Trademark Dilution Act of 1995, 15 U.S.C. 1125(c).

41.  Plaintiff's QVC and Q marks are distinctive and famous marks.  The QVC and Q marks are inherently strong and distinctive, have long been used in connection with the goods and services on which they appear, have long been the subject of substantial

-10-

advertising and promotion, have long been used and advertised throughout the United States, are widely recognized by consumers and those in the trade, are in substantially exclusive use, and are federally registered, as alleged above.  The unlawful acts of Defendant alleged herein were commenced and committed from a time after Plaintiff's marks became famous.

42.  Defendant's use of the Q VISION NETWORK, Q SHOP and Q SHOP TV names and marks lessens the capacity of the QVC and Q marks to identify and distinguish the goods and services of Plaintiff and have blurred the unique association which has heretofore existed between the QVC and Q marks and the goods and services provided by Plaintiff, in violation of § 43(c)(1) of the Lanham Act, 15 U.S.C. § 1125(c)(1).

43.  Upon information and belief, Defendant wilfully intended to trade on Plaintiff's reputation and to cause dilution of the QVC and Q marks by adopting and using the Q VISION NETWORK, Q SHOP and Q SHOP TV names and marks.

## COUNT III
## FEDERAL UNFAIR COMPETITION

44.  Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 43, as if fully set forth herein.

45.  The QVC and Q marks have become uniquely associated with and thus identify only Plaintiff.  Defendant's use of the Q VISION NETWORK, Q SHOP and Q SHOP TV names and marks is a false designation of origin which is likely to cause confusion, to cause

-11-

mistake and to deceive as to the affiliation, connection or association of Defendant with Plaintiff and as to the origin, sponsorship or approval of such goods and services by Plaintiff.

46.  The aforesaid acts, are in violation of §43(a) of the Trademark Act of 1946, as amended, 15 U.S.C. §1125(a), in that Defendant has used a false designation of origin, a false or misleading description and representation of fact which is likely to cause confusion, and to cause mistake, and to deceive as to the affiliation, connection, or association of Defendant with Plaintiff and as to the origin, sponsorship, and approval of Defendant's commercial activities by Plaintiff.

## COUNT V
## VIOLATION OF 54 Pa. C.S.A. § 1124

47.  Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 46 as if fully set forth herein.

48.  As a result of QVC, Inc.'s exclusive, continuous and substantial use, and its extensive sales and advertising of the QVC and Q marks, the QVC and Q marks have come to represent an invaluable symbol of the goodwill of QVC, Inc.'s business and possess a very high degree of distinctiveness.  The QVC and Q marks are famous as defined in 54 Pa. C.S. § 1124, and as recognized by consumers throughout the Commonwealth of Pennsylvania as identifying goods and services which have their source, origin or sponsorship with Plaintiff, and as distinguishing such goods and services from the goods and services of others.

-12-

49.   Defendant's use of the Q VISION NETWORK, Q SHOP and Q SHOP TV names and marks causes dilution of the distinctive quality of the QVC and Q marks, in violation of 54 Pa. C.S.A. § 1124.

50.   Upon information and belief, Defendant wilfully intended to trade on Plaintiff's reputation and to cause dilution of the QVC marks by using the Q VISION NETWORK, Q SHOP and Q SHOP TV marks.

### COUNT VI
### COMMON LAW TRADEMARK INFRINGEMENT

51.   Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 50, as if fully set forth herein.

52.   Defendant's use of the marks Q VISION NETWORK, Q SHOP and Q SHOP TV constitutes trademark infringement of the QVC and Q marks and causes likelihood of confusion, deception and mistake, and causes the purchasing public and the trade to think that Defendant's commercial activities are in some way sponsored, connected, owned or otherwise associated with Plaintiff, in violation of the common law of Pennsylvania.

### COUNT VII
### COMMON LAW UNFAIR COMPETITION

53.   Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 52, as if fully set forth herein.

54.   By virtue of Defendant's acts, hereinabove pleaded, Defendant has engaged in unfair competition with Plaintiff, in violation of the common law of Pennsylvania.

55.   Defendant's use of the Q VISION NETWORK, Q SHOP and Q

-13-

SHOP TV names and marks is calculated to deceive consumers and to cause consumers to believe that Defendant's commercial activities are connected with, or sponsored by Plaintiff

56.  Defendant's acts are being committed with the intent, purpose and effect of procuring an unfair competitive advantage by misappropriating the valuable goodwill developed by Plaintiff at substantial effort and expense, and represented by the distinctiveness of the QVC and Q marks.

57.  By copying the distinctiveness of the QVC and Q marks, the public and consumers will be deceived as to the source and sponsorship of Defendant's goods and services and Defendant will obtain business he could not otherwise obtain fairly on the open market.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, QVC, Inc., prays for relief against Defendant as follows:

1.  that Defendant, its officers, agents, servants, employees, and all persons and/or entities in active concert or participation with it be immediately and preliminarily and thereafter permanently enjoined and restrained from:

    a.  Using the QVC and Q marks or any confusingly similar designation – including without limitation, Q VISION NETWORK, Q SHOP and Q SHOP TV – alone or in combination with other terms, as a trademark,

-14-

trade name component or otherwise, as a domain name
component, directory name, or other such computer
addresses, as the name of Defendant's web site(s),
and/or to market, advertise or identify Defendant's
goods and services;

b.    Otherwise infringing the QVC and Q marks;

c.    Causing likelihood of confusion, injury to business
reputation, or dilution of the distinctive quality
of the QVC and Q marks; and

d.    Unfairly competing with Plaintiff in any manner
whatsoever.

2.    that Defendant be required to deliver up and destroy all
signs, labels, packages, literature, advertising, devices, computer
hardware and software, servers and any other materials, in the
possession and/or control of Defendant, bearing the infringing
designations Q VISION NETWORK, Q SHOP and Q SHOP TV, and all
plates, molds, matrices and other means for making the same.

3.    that Defendant be required to immediately cease using and
claiming ownership of the registrations of the *QVISIONNETWORK.COM*,
*QSHOPTV.COM* and *QSHOP.TV* domain names, and shall immediately
request the respective registrars of said domain names to delete
and cancel these registrations from their respective registries and
transfer said registrations to Plaintiff.    If these registrars
delegate complete control regarding the disposition of the

-15-

registration and use of these domain names to this Court, these domain name registrations shall be ordered to be canceled and transferred to Plaintiff, and Plaintiff ordered to notify the registrars of this Court's cancellation and transfer of the **QVISIONNETWORK.COM, QSHOPTV.COM** and **QSHOP.TV** domain names.

4.    that Defendant be directed to file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of Judgment, a report in writing and under oath setting forth in detail the manner and form in which Defendant have complied with the requirements of the Judgment and Order.

5.    that Defendant be required to account for and pay over to Plaintiff all damages sustained by Plaintiff by reason of its unlawful acts alleged herein, plus interest thereon.

6.    that Defendant be required to account for and pay over to Plaintiff all profits realized by Defendant by reason of its unlawful acts alleged herein, and that such amounts be trebled, as provided by law.

7.    that Defendant be required to pay Plaintiff punitive damages as may be permitted by law or in the discretion of this Court.

8.    that Plaintiff have and recover its reasonable attorneys' fees incurred in this litigation.

9.    that Plaintiff have and recover its taxable costs and disbursements herein.

-16-

10.  that Plaintiff have such other and further relief as the Court may deem just and appropriate.

Respectfully submitted,

**CAESAR, RIVISE, BERNSTEIN,
COHEN & POKOTILOW, LTD.**

May 14, 2002                    By _____
                                   Manny D. Pokotilow  (ID# 13310)
                                   Salvatore Guerriero (ID# 83680)
                                   Seven Penn Center - 12th Floor
                                   1635 Market Street
                                   Philadelphia, PA  19103-2212
                                   (215) 567-2010

                                   *Attorneys for Plaintiff, QVC, Inc.*

-17-

Int. Cl.: 42

Prior U.S. Cl.: 101

## United States Patent and Trademark Office

Reg. No. 1,455,889
Registered Sep. 1, 1987

### SERVICE MARK
### PRINCIPAL REGISTER

## QVC

QVC NETWORK, INC. (DELAWARE CORPO-
RATION)
GOSHEN CORPORATE PARK
WEST CHESTER, PA 19380

FOR: PROVIDING AT HOME SHOPPING
SERVICES IN THE FIELD OF GENERAL MER-
CHANDISE BY MEANS OF CABLE TELEVI-
SION, IN CLASS 42 (U.S. CL. 101).

FIRST USE 12-29-1986; IN COMMERCE
12-29-1986.

SER. NO. 640,709, FILED 1-20-1987.

TERRY ELLEN HOLTZMAN, EXAMINING AT-
TORNEY



PLAINTIFF'S
EXHIBIT
A
tabbies

Int. Cl.: 42

Prior U.S. Cls.: 101 and 107

## United States Patent and Trademark Office

Reg. No. 1,512,144
Registered Nov. 8, 1988

## SERVICE MARK
## PRINCIPAL REGISTER



QVC NETWORK, INC. (DELAWARE CORPO-
RATION)
GOSHEN CORPORATION PARK
WEST CHESTER, PA 19380

FOR: PROVIDING AT-HOME SHOPPING
SERVICES IN THE FIELD OF GENERAL MER-
CHANDISE BY MEANS OF TELEVISION, IN
CLASS 42 (U.S. CLS. 101 AND 107).
FIRST USE 11-24-1986; IN COMMERCE
11-24-1986.
OWNER OF U.S. REG. NO. 1,455,889 AND
OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "NETWORK", APART FROM
THE MARK AS SHOWN.

THE LINING SHOWN IN THE MARK IS A
FEATURE OF THE MARK AND DOES NOT
INDICATE COLOR.

SER. NO. 715,880, FILED 3-10-1988.

ALICE SUE CARRUTHERS, EXAMINING AT-
TORNEY

PLAINTIFF'S
EXHIBIT
B
tabbies


Int. Cl.: 42

Prior U.S. Cl.: 100



**United States Patent and Trademark Office**

Reg. No. 1,930,782
Registered Oct. 31, 1995

## SERVICE MARK
### PRINCIPAL REGISTER



QVC, INC. (DELAWARE CORPORATION)
1635 ENTERPRISE DRIVE
WEST CHESTER, PA 19380 , BY CHANGE OF
NAME FROM QVC NETWORK, INC. (DELA-
WARE CORPORATION) WEST CHESTER, PA
19380

FOR: PROVIDING AT HOME SHOPPING
SERVICES BY MEANS OF TELEVISION, IN
CLASS 42 (U.S. CL. 100).

FIRST USE 11–18–1993; IN COMMERCE
11–18–1993.

OWNER OF U.S. REG. NOS. 1,455,889, 1,775,599
AND OTHERS.

SER. NO. 74–504,734, FILED 3–24–1994.

W. A. CONN, EXAMINING ATTORNEY



PLAINTIFF'S
EXHIBIT

Int. Cl.: 42

Prior U.S. Cls.: 100 and 101

## United States Patent and Trademark Office

Reg. No. 1,945,357
Registered Jan. 2, 1996

### SERVICE MARK
### PRINCIPAL REGISTER

## QVC

QVC, INC. (DELAWARE CORPORATION)
1365 ENTERPRISE DRIVE
WEST CHESTER, PA 19380

FOR: CATALOG AND MAIL ORDER SERV-
ICES IN THE FIELD OF GENERAL MER-
CHANDISE, IN CLASS 42 (U.S. CLS. 100 AND
101).

FIRST USE 12-29-1986; IN COMMERCE
12-29-1986.
OWNER OF U.S. REG. NOS. 1,723,745 AND
1,775,599.

SER. NO. 74-588,303, FILED 10-14-1994.

W. A. CONN, EXAMINING ATTORNEY



PLAINTIFF'S
EXHIBIT
tabbies
D

Int. Cl.: 42

Prior U.S. Cls.: 100 and 101

**United States Patent and Trademark Office**

Reg. No. 2,015,779
Registered Nov. 12, 1996

### SERVICE MARK
### PRINCIPAL REGISTER

## QVC

QVC, INC. (DELAWARE CORPORATION)
1365 ENTERPRISE DRIVE
WEST CHESTER, PA 19380

FOR: RETAIL STORE SERVICES INN THE FIELD OF GENERAL MERCHANDISE, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 11-0-1987; IN COMMERCE 11-0-1987.
OWNER OF U.S. REG. NOS. 1,455,889 AND 1,930,782.

SER. NO. 75-038,790, FILED 12-29-1995.

LESLEY LAMOTHE, EXAMINING ATTORNEY



PLAINTIFF'S
EXHIBIT

**Int. Cl.: 42**

**Prior U.S. Cls.: 100 and 101**

**United States Patent and Trademark Office**

**Reg. No. 2,098,066**

Registered Sep. 16, 1997

## SERVICE MARK
### PRINCIPAL REGISTER

## QVC

QVC, INC. (DELAWARE CORPORATION)
1365 ENTERPRISE DRIVE
WEST CHESTER, PA 19380

FOR: INTERACTIVE RETAIL SERVICES PROVIDED VIA COMPUTER AND TELEVISION, FEATURING GENERAL MERCHANDISE, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 12-0-1995; IN COMMERCE 12-0-1995.

OWNER OF U.S. REG. NOS. 1,455,889, 1,775,599, AND OTHERS.

SN 74-697,577, FILED 6-21-1995.

LESLEY LAMOTHE, EXAMINING ATTORNEY


PLAINTIFF'S
EXHIBIT
F

Int. Cl.: 42

Prior U.S. Cls.: 101 and 107

## United States Patent and Trademark Office

Reg. No. 1,914,291
Registered Aug. 22, 1995

## SERVICE MARK
### PRINCIPAL REGISTER

# Q

QVC, INC. (DELAWARE CORPORATION)
1635 ENTERPRISE DRIVE
WEST CHESTER, PA 19380 BY CHANGE OF
NAME FROM QVC NETWORK, INC. (DELA-
WARE CORPORATION) WEST CHESTER, PA
19380

FOR: PROVIDING AT HOME SHOPPING
SERVICES IN THE FIELD OF GENERAL MER-

CHANDISE BY MEANS OF TELEVISION, IN
CLASS 42 (U.S. CLS. 101 AND 107).

FIRST USE 5-2-1994; IN COMMERCE
5-2-1994.

SN 74-357,310, FILED 2-9-1993.

JEAN MARC BRUN, EXAMINING ATTORNEY



PLAINTIFF'S
EXHIBIT
G
tabbies